UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPH T. BARR, on behalf of himself and all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>BEHAR GUTT & GLAZER, P.A.,<br><br>Defendant. | Case No.: 5:17-cv-00556<br><br><br><br>CLASS ACTION COMPLAINT |

Plaintiff, JOSEPH T. BARR, (hereinafter "Plaintiff"), on behalf of himself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against BEHAR GUTT & GLAZER, P.A. (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this class action against Defendant for using false, deceptive and misleading representations in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURSIDICTION AND VENUE**

2. Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §§1331.

3. Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

**PARTIES**

1.  Plaintiff is a natural person, who at all relevant times has resided in Round Rock, Texas and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

2.  Defendant is a corporation doing business in the State of Texas, with its corporate headquarters located 1855 Griffin Road, Fort Lauderdale, Florida 33004.

3.  Defendant is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

4.  Plaintiff is a natural person, obligated, or allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

5.  Defendant is a law firm with attorneys licensed in Florida. It regularly engages in debt collection activity.

6.  Plaintiff's obligation, or alleged obligation, arose from a bill incurred for personal, family, or household purposes.

7.  The FDCPA was enacted to prevent debt collectors from engaging in abusive tactics in order to collect debts from generally unsophisticated consumers.

8.  On or about October 25, 2016, Defendant sent Plaintiff an initial dunning letter seeking to collect a debt, attached as Exhibit A.

9.  Defendant's dunning letter was prominently displayed on Defendant's attorney letterhead. The letterhead lists the firm name at the top, identifies the firm as "LAW OFFICES," and lists each of the attorney's associated with the firm and where they are licensed.

10.     There is mainly one reason to send a collection letter directly on an attorney's letterhead: to "strike fear in the heart of the consumer" since an attorney "is better positioned to get the debtor's knees knocking." *Lesher v. Law Offices of Mitchell N. Kay*, *PC*, 650 F.3d 993, 1000 (3d Cir. 2011).

11.     As if the intimidating letterhead was not sufficient to get Plaintiff's "knees knocking," Defendant wanted to drive the point home even further. The letter states: "if you fail to enter into a reasonable payment arrangement, this office may be instructed to commence formal legal proceedings against you...will seek recovery of interest, court costs, and possibly attorney's fees incurred."

12.     Even further, Defendant's letter concludes with a handwritten signature from an attorney.

13.     Defendant's letter hits the mark. It intimidates the debtor into believing that they are now being pursued by an aggressive law firm who will file suit immediately. In fact, because none of the attorney's with the firm are licensed in Texas, they cannot file suit against Plaintiff.

14.     Additionally, Defendant's letter clearly implies that an attorney with the firm has reviewed the file and found it ripe for litigation. After all, the unsophisticated consumer believes that lawyers do not typically accept a case, and accept payment for the case, without conducting an investigation and concluding that the case is ripe for litigation. Upon information and belief, Defendant regularly sends out hundreds of collection letters without providing any meaningful review as to the contents of the debt. This belief stems from the file number #20750.001 (suggestive of the amount of files in Defendant's office), place on the letter. Therefore, it is easily extrapolated that the firms attorneys do not review every file, or even every letter, prior to sending their dunning letters.

15. By representing to Plaintiff that a suit may be initiated by Defendant, and that an attorney has reviewed the case and found it ripe for litigation, Defendant has engaged in false and deceptive practices.

16. Defendant also makes a separate litigation threat by making it clear that interest, court costs and attorney's fees will accrue if Plaintiff does not pay the debt. Upon reading this threat, not only does the unsophisticated consumer fear an imminent lawsuit, Defendant also instills the fear that his or her debt would be increased exponentially by the attorney's fees if not paid immediately. In fact, upon information and belief, Defendant cannot seek attorney's fees for the underlying debt. Accordingly, this threat is also false, deceptive and misleading.

17. Notwithstanding the above, Defendant's threats and misrepresentations overshadow Plaintiff's right to validate the debt within the 30 day validation period provided in the letter.

18. Accordingly, Defendant's letter is false, deceptive, and misleading in violation of the FDCPA.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

20. Plaintiff seeks certification of the following classes, initially defined as follows:

**All consumers within the State of Texas that have received collection letters from Defendant substantially similar to Exhibit A which are false, deceptive, and misleading, within one year of the filing of the instant complaint through the end of this action.**

21. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**Numerosity**

22.     Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout the State of Texas, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23.     The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "unsophisticated consumer."

24.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

25.     There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**Typicality**

26.     The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical

of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

27. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

29. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

30. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35.     Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 .S.C. §1692 *et seq.*

36.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37.     By the actions taken by Defendant as described above, Defendant has engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2),1692e(5), 1692e(10), 1692g, 1692f, and 1692f(1).

38.     Section 1692e provides:

> **§ 1692e. False or misleading representations**

>**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
>**(2) The false representation of--**
>
>>**(A) the character, amount, or legal status of any debt…**
>>
>>**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**
>
>**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**
>
>**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

39. Section 1692g provides:

    **§ 1692g. Validation of debts**

    **(b) Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

40. Section 1692f provides:

    **§ 1692f. Unfair practices**

    **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

41. Plaintiff has been damaged and is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JOSEPH T. BARR, respectfully requests that this Court do the following for the benefit of Plaintiff:

> A. Enter an order certifying the class described herein, appointing Plaintiff as Class Representative, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00 for Plaintiff and each member of the class;

C. Enter an injunctive order preventing Defendant from continuing to send the letters which violate the FDCPA;

D. Enter a judgment against Defendant for statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)3;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

42. Plaintiff demands a jury trial on all issues so triable.

Dated this 22nd of June, 2017

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel
Zemel Law LLC
78 John Miller Way, Suite 430
Kearny, NJ 07032
(T) 862-227-3106
dz@zemellawllc.com
Attorneys for Plaintiff